FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 26, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID G.,

               Plaintiff,

  -vs-

KILOLO KIJAKAZI, Acting Commissioner of Social Security

               Defendant.

No.   1:22-CV-03162-WFN

ORDER

      David G. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney David J. Burdett represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

      Plaintiff applied for Supplemental Security Income on August 3, 2018, alleging disability beginning on August 1, 2018, due to psoriatic arthritis, pain, and sleep disturbance. Tr. 15, 306–14. The application was denied initially, Tr. 67–81, and on reconsideration, Tr. 83–97. Administrative Law Judge [ALJ] Richard Hlaudy held a hearing on June 28, 2021, Tr. 35–65, and issued an unfavorable decision on September 16, 2021, Tr. 15–27. The ALJ determined Plaintiff became disabled on November 13, 2020 but was not disabled before that date. Tr. 15. The Appeals Council denied review on September 6, 2022. Tr. 1–6. The ALJ's September 2021 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for

ORDER - 1

judicial review on November 4, 2022. ECF No. 1. Plaintiff argues that he was disabled beginning on August 1, 2018, and that the ALJ erred by determining Plaintiff was not disabled until November 13, 2020.

## FACTS

Plaintiff was born in 1965 and was fifty-two years of age as of his alleged onset date. Tr. 67. He has a GED. Tr. 44. Plaintiff has not worked outside the home since 1994 because he took care of his children, who are now adults. Tr. 23, 44. He alleges disability from psoriatic arthritis, chronic pain, depression, and sleep disturbance. Tr. 68.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id.* at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER - 2

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 16, 2021, the ALJ issued a decision finding Plaintiff has been disabled as defined in the Social Security Act since November 13, 2020. Tr. 13–23. However, the ALJ also found that Plaintiff was not disabled prior to November 13, 2020. *Id.* This appeal is about whether the ALJ erred by determining Plaintiff was not disabled from August 1, 2018, through November 12, 2020.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, psoriatic arthritis, anxiety, post-traumatic stress disorder, and depression. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 17–19.

ORDER - 3

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found that Plaintiff could perform light work except he "is limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently"; "sitting for 6 hours out of an 8-hour workday"; "standing or walking for 6 hours out of an 8-hour workday"; "never climbing ladders, scaffolds or ropes"; occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps or stairs"; "frequent handling and fingering bilaterally"; "avoiding concentrated exposure to extreme cold, vibrations, fumes, dusts, odors, gases and poor ventilation as well as avoiding all exposure to work hazards such as unprotected heights and moving mechanical parts"; "understanding, remembering and carrying out simple 1–3 step tasks"; "occasional interaction with coworkers"; and "no interaction with the public." Tr. 19–20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 25.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform prior to November 13, 2020. *Id.* He specifically identified the representative occupations of production assembler, price marker, and mail sorter. Tr. 26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act prior to November 13, 2020. Tr. 26. However, the ALJ also found that Plaintiff was disabled by application of Medical-Vocational Rule 202.04 beginning on November 13, 2020, because he reached advanced age on that date, is limited to sedentary work, and has no work experience or education beyond his GED. *Id.*

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating medical opinion evidence, and (2) rejecting Plaintiff's symptom testimony for reasons that are not clear and convincing.

ORDER - 4

# DISCUSSION

**(1) Medical Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating (a) the medical opinion of William Drenguis, M.D., (b) the findings of state agency medical consultants, and (c) the medical opinion of Patrick Metoyer, Ph.D. ECF No. 9 at 4–16.

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors [such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program]. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).

ORDER - 5

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 789–92 (9th Cir. 2022).

### (a) William Drenguis, M.D.

Dr. Drenguis examined Plaintiff on December 7, 2018. Tr. 613–18. He opined that Plaintiff could walk or stand for "at least two hours." Tr. 617; *see also* Tr. 24. Dr. Drenguis also opined that Plaintiff "may occasionally reach, handle, finger, and feel." Tr. 617; *see also* Tr. 24. The ALJ found this opinion unpersuasive because Plaintiff testified he had no problems with reaching, Plaintiff did not seriously pursue treatment for his condition, and Plaintiff improved when he took medication. *Id.*

Plaintiff argues the ALJ erred by failing to discuss the factors of consistency and supportability and rejecting Dr. Drenguis's opinion for unsound reasons. ECF No. 9 at 6–10. The Court disagrees.

First, the ALJ found Dr. Drenguis's opinion was inconsistent with Plaintiff's testimony. Tr. 24. Dr. Drenguis opined Plaintiff would be limited to occasional reaching. Tr. 617. Plaintiff testified, "I think I can reach okay. I don't know." Tr. 50. Plaintiff argues the ALJ misinterpreted Plaintiff's testimony to conclude that Plaintiff did not have problems reaching. *Id.* at 7. But it was reasonable for the ALJ to conclude from Plaintiff's statement that Plaintiff was, in fact, not limited in his reaching ability. And because this interpretation is reasonable, the Court must accept it. *See Tackett*, 180 F.3d at 1097–98.

Second, the ALJ found Dr. Drenguis's opinion was not supported by his own notes showing Plaintiff had a poor history of following treatment recommendations. Tr. 21, 24, 613–14. The ALJ found Plaintiff would have improved had he followed treatment recommendations because the record showed Plaintiff *did* improve when he followed treatment. Tr. 24. Plaintiff does not argue that this is an inappropriate basis for discounting Dr. Drenguis's opinion. *See* ECF No. 9 at 7–10. Instead, Plaintiff argues that it was

ORDER - 6

unreasonable for the ALJ to conclude Plaintiff improved with treatment because the evidence supported a contrary conclusion. *Id.* The Court disagrees. Treatment notes showed Plaintiff improved after starting medication. *See* Tr. 614, 724. Even if the evidence could also support the conclusion that Plaintiff did not significantly improve with medication, the Court must accept the ALJ's reasonable interpretation. *See Tackett*, 180 F.3d at 1097–98.

Because the ALJ's assessment of Dr. Drenguis's opinion is supported by substantial evidence, it is affirmed. *See Woods*, 32 F.4th at 789–92.

**(b) State Agency Medical Consultants**

State agency medical consultants found Plaintiff could perform a range of light work with frequent handling and fingering and occasional postural activities. Tr. 75–77, 91–93. The ALJ found this assessment persuasive because it was consistent with Plaintiff's lack of treatment and improvement with medication. Tr. 24.

Plaintiff argues the ALJ erred by finding the state agency's assessment persuasive because the state agency misinterpreted Dr. Drenguis's opinion. ECF No. 9 at 10–12. The state agency found that Dr. Drenguis limited Plaintiff to sedentary work with occasional reaching, handling, fingering, and feeling. Tr. 69, 86. Plaintiff contends the state agency finding was incorrect because Dr. Drenguis opined Plaintiff's "maximum sitting capacity was four hours, and . . . maximum standing and walking capacity was two hours," which is not enough to complete a workday. ECF No. 9 at 10 (citing Tr. 617). But Plaintiff misstates the evidence. Dr. Drenguis opined Plaintiff's maximum standing and walking capacity was "*at least* two hours." Tr. 617 (emphasis added). Similarly, Dr. Drenguis opined Plaintiff's maximum sitting capacity was "*at least* four hours." *Id.* (emphasis added). The state agency reasonably interpreted Dr. Drenguis's opinion. And even if Plaintiff's interpretation of Dr. Drenguis's opinion is also reasonable, neither the state agency nor the ALJ were required to accept it. *See Tackett*, 180 F.3d at 1097–98.

Because the ALJ's decision is supported by substantial evidence, it is affirmed. *See Woods*, 32 F.4th at 789–92.

ORDER - 7

  ***(c) Patrick Metoyer, Ph.D.***

  Dr. Metoyer examined Plaintiff on December 9, 2018. Tr. 620–30. He opined Plaintiff had moderate limitations in several areas, Tr. 624, 630, and the ALJ accepted those limitations, Tr. 24. However, Dr. Metoyer also opined Plaintiff's "ability to deal with the usual stress encountered in the workplace is markedly impaired if it involves persistent activity, complex tasks, task pressure, interacting with other individuals." Tr. 624, 630. The ALJ found this opinion unpersuasive because it was inconsistent with Plaintiff's lack of treatment and activities of daily living. Tr. 24. The ALJ also noted that Dr. Metoyer's opinion was not supported by the relatively normal findings in his report. *Id.*

  Plaintiff argues the ALJ erred because Plaintiff's lack of treatment is actually consistent with debilitating chronic depression. ECF No. 9 at 13. True, a lack of treatment can be consistent with disabling mental illness if the claimant's illness causes his lack of treatment. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). But it can also be consistent with the absence of serious impairment. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995). And it was reasonable for the ALJ to conclude that was the case here.

  Plaintiff also argues the ALJ erred because Plaintiff's daily activities were actually very limited and consistent with disability. ECF No. 9 at 13–15. Plaintiff points to evidence of limitations but those limitations are almost entirely physical. *See id.* The ALJ cited evidence that Plaintiff can manage his own finances, interact with family, and follow storylines. Tr. 23. The ALJ also noted that Plaintiff reported significant limitations due to physical concerns but not due to mental impairments. *Id.* It was reasonable for the ALJ to find Plaintiff's activities inconsistent with the marked limitations opined by Dr. Metoyer, especially when considered together with Plaintiff's relatively normal mental status exam findings and lack of treatment history.

  Finally, Plaintiff argues that the moderate limitations opined by Dr. Metoyer, which the ALJ accepted, require a finding of disability. *See* ECF No. 9 at 15–16. The Court disagrees. "[T]he ALJ is responsible for translating and incorporating clinical findings into

ORDER - 8

a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Here, the ALJ reasonably concluded Dr. Metoyer's opined moderate limitations were consistent with the RFC.

Because the ALJ's decision is supported by substantial evidence, it is affirmed. *See Woods*, 32 F.4th at 789–92.

**(2) Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting his subjective symptom testimony. ECF No. 9 at 16–20.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff claimed he was unable to work due to psoriatic arthritis, chronic pain, depression, and sleep disturbance. Tr. 68, 306–14. The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. However, the ALJ also found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the evidence in the record. Tr. 20–23. More specifically, the ALJ found Plaintiff's claims were undermined by his failure to pursue treatment, improvement with medication, poor work history, and activities of daily living. Tr. 21–23.

Plaintiff argues the ALJ erred by rejecting his symptom claims due to his failure to pursue treatment without considering the barriers that prevented Plaintiff from seeking treatment. ECF No. 9 at 16–18. Plaintiff claims he did not pursue treatment because he was depressed, he could not get transportation, and appointments were often not available. *Id.* However, the ALJ did consider and discuss Plaintiff's claimed barriers to treatment. Tr. 20–21. He simply concluded that Plaintiff failed to seek treatment because his symptoms were not as severe as claimed, not because of Plaintiff's stated barriers. *See id.* Even if Plaintiff's interpretation of the record is also reasonable, the Court cannot substitute its own judgment for the ALJ's, which is supported by substantial evidence. *See Tackett*, 180 F.3d at 1097. Plaintiff's improvement with treatment and failure to seek treatment are both appropriate reasons for discounting Plaintiff's claims. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff also argues the ALJ erred by rejecting Plaintiff's symptom claims because of Plaintiff's poor work history. ECF No. 9 at 19–20. The record shows that Plaintiff has not worked since 1994, twenty-four years before his alleged onset date. Tr. 23, 44. The ALJ found that Plaintiff's work history undermined his disability claims, though it was not dispositive. Tr. 23. Plaintiff contends this was error because there is an explanation for his lack of work history: he took care of his children while his wife worked. ECF No. 9 at 19–20. Although Plaintiff's explanation may be reasonable, the ALJ was not required to accept it. On the evidence in the record, it was reasonable for the ALJ to conclude that Plaintiff's sparse work history undermined his claim. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Finally, Plaintiff argues the ALJ erred by rejecting Plaintiff's symptom claims because of Plaintiff's daily activities. ECF No. 9 at 18–19. The ALJ found Plaintiff was able to cook, clean, shop, do laundry, visit family, follow story lines, and manage his own finances. Tr. 23. The ALJ acknowledged that Plaintiff's activities were limited, but still found that they were consistent with light work, contrary to Plaintiff's claimed limitations. *Id.* As discussed above, it was reasonable for the ALJ to conclude Plaintiff's activities were inconsistent with

many of his claimed limitations. This is a legitimate reason for discounting symptom claims. 20 C.F.R. § 416.929. Besides, even if Plaintiff's daily activities were an improper basis for discounting his symptom claims, the ALJ gave other reasons as well. Taken together, Plaintiff's sparse work history, improvement with treatment, and failure to seek treatment are sufficient reason for discounting Plaintiff's claims. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007). Because there is substantial evidence to support the ALJ's ultimate conclusion, the ALJ did not commit reversable error, even if he also offered an improper ground for rejecting Plaintiff's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed March 8, 2023, **ECF No. 9**, is **DENIED**.

2. Defendant's Brief, filed April 6, 2023, **ECF No. 10**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 26th day of July, 2023.

07-14-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 11